DAVID R. JOHNSON
Nevada Bar No. 006696
djohnson@wthf.com
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
3993 Howard Hughes Parkway, Suite 400
Las Vegas, NV  89169
Telephone:    702-789-3100
Facsimile:    702-822-2650

Attorneys for Plaintiff
SOUTHWEST IRON WORKS, LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MATTHEW ROYLANCE and<br>ANGELA ROYLANCE,<br><br>        Debtor.<br><br>SOUTHWEST IRON WORKS, LLC, a<br>Nevada limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>MATTHEW ROYLANCE and ANGELA<br>ROYLANCE,<br><br>        Defendants. | Case No.: |

**COMPLAINT OBJECTING TO DISCHARGE OF CLAIMS AND DISCHARGE OF DEBTOR**

Plaintiff Southwest Iron Works, LLC alleges as follows:

**COUNT 1**

(**False Pretenses, False Representation, Actual Fraud Under 11 U.S.C. § 523(a)(2)**)

1.    This Court has jurisdiction over this adversary proceeding and the parties to the

LASVEGAS 9512.1 102596.002

1. proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J) and any other applicable subsections of 28 U.S.C. § 157(b)(2).  This adversary proceeding is being brought in connection with the bankruptcy case (the "Bankruptcy Case") of Matthew Roylance ("Roylance") under Chapter 7 of Title 11, Case No. 09-19675, now pending before this Court.

2. Plaintiff Southwest Iron Works, LLC is a Nevada limited liability company located in Clark County, Nevada, and is a creditor in the Bankruptcy Case.

3. Roylance is the Debtor in the Bankruptcy Case.

4. Angela Roylance is the debtor spouse of Matthew Roylance, and is named as a Defendant in this adversary proceeding pursuant to 11 U.S.C. § 524(a)(3), so that the Court can determine the non-dischargeability of Plaintiffs' claims against the marital community of Angela and Mattthew Roylance (collectively, the "Roylances").

5. Matthew Roylance is a Manager of Roylance Co., LLC, a Managing Member of Matthew Roylance Co., LLC.

6. Matthew Roylance Co., LLC is a Nevada limited liability company and at all times relevant herein was authorized to conduct business in Clark County, Nevada.

7. Roylance Co., LLC is a Nevada limited liability company and at all times relevant herein was authorized to conduct business in Clark County, Nevada.

8. Roylance Co., LLC, Matthew Roylance Co., LLC and Matthew Roylance are collectively referred to herein as "Roylance."

9. On or about June 12, 2008, Plaintiff and Roylance entered into a Property Lease (the "Lease") for certain real property located at 5355 North Beesley Drive, Las Vegas, Nevada, 89115, known as:

> A 7.5 +/- acre portion of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼) of Section 34, Township 19 South, Range 62 East M.D.B.&M.
>
> More specifically known as: that portion of Parcel #123-34-201-002 and ½ of parcel #123-34-201-003 of that certain Certificate of Land Division Recorded July 11, 1989, in a Book 890711 as Document # 00437, In the Clark County, Nevada Recorder's Office.

(the "Property").

10. Pursuant to Section 3.2 of the Lease, if Roylance was unable to deliver possession of the premises, Plaintiff may cancel the Lease.

11. Pursuant to Section 6.3 of the Lease, Roylance was obligated to deliver the premises to Plaintiff clean and free of debris on the lease commencement date, June 15, 2008.

12. Pursuant to page 8 of the Lease, if Plaintiff elects to cancel the Lease, Roylance was obligated to return any advanced payments within thirty (30) days.

13. Pursuant to Section 13.2 of the Lease, Roylance defaulted on the Lease by failing to perform their obligations within (30) days of being served with a written demand by Plaintiff.

14. On or about June 17, 2008, the Clark County District Court in Case No. A493078, filed October 4, 2004 by Roylance against the Howe Family Trust and the Warren Wood Trust (the "Owners"), the owners of the Property, issued its Findings of Fact and Conclusions of Law (the "Findings"), holding that Roylance had no possessory rights in the Property.

15. On or about June 26, 2008, Plaintiff received a Notice Re Future Payments (the "Notice") indicating that monthly lease payments for an adjoining piece of property, which Plaintiff was also subleasing from Roylance, would be due to the Owners, pursuant to the decision in Clark County Case No. A493078.

16. On or about July 3, 2008, Plaintiff notified Roylance of its material breach of the Lease, as it was unable to deliver possession of the Property pursuant to the Court's decision in

Clark County Case No. A493078, which held that Roylance had no possessory rights in the Property, and demanded return of its prepaid lease payments.

17. On or about September 9, 2008 and October 23, 2008, Plaintiff again sought return of its prepaid lease payment, as Roylance was unable to deliver the Property pursuant to the terms of the Lease.

18. Roylance has been legally incapable of delivering possession of Property to Plaintiff pursuant to the terms of the Lease, and have materially breached the Lease.

19. Pursuant to the terms of the Lease, Plaintiff is entitled to a return of the entire prepayment amount.

20. Roylance owed a legal or equitable duty to Plaintiff arising out of negotiation and executing the Lease.

21. Roylance breached that duty by misrepresenting or concealing material facts concerning the impending litigation and recently concluded trial between Royalnce and the Owners regarding Defendants' possessory rights in the Property, or lack thereof.

22. Roylance breached that duty by misrepresenting or concealing material facts concerning its motivation for seeking prepayment for the entire lease term.

23. Roylance misrepresentations and concealments were material to Plaintiff entering into the Lease.

24. Roylance fraudulently induced Plaintiff to prepay the entire lease term, in the amount of $135,000, and refused to return the prepayment, as demanded.

25. Plaintiff is entitled to punitive damages at the statutory maximum of three times the compensatory damages, or $405,000.

WHEREFORE, Plaintiff requests that this Court enter an Order:

A. Providing that the Claim (together with all accrued and accruing interest on the

Claim) is not dischargeable under 11 U.S.C. 523(a)(2), and will not be discharged in this Bankruptcy Case and is not subject to discharge in any other case in which Angela Roylance and/or Matthew Roylance may be a debtor;

      B.    Awarding Plaintiff its costs, attorneys' fees and other expenses incurred in this adversary proceeding; and

      C.    Awarding such other and further relief as the Court deems just and proper under the circumstances.

Dated: September 15, 2009        WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

        */s/ David R. Johnson*
        DAVID R. JOHNSON
        Nevada Bar No. 006696
        djohnson@wthf.com
        3993 Howard Hughes Parkway, Suite 400
        Las Vegas, Nevada 89169
        Telephone: 702-789-3100
        Facsimile: 702-822-2650

        Attorneys for Creditor
        SOUTHWEST IRON WORKS, LLC